PAR 1.2.25
KD: USAO# 2021ROO359

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. ABA 25cr88 |
| v. | (Wire Fraud, 18 U.S.C. §1343; Forfeiture, 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| MARVIN DEBOULET, | |
| Defendant. | |

## INFORMATION

### COUNT ONE
(Wire Fraud)

The United States Attorney for the District of Maryland charges that:

At all times relevant to this Information:

**Background**

1. The United States Department of Veterans Affairs (VA) was a department of the United States government that administered a disability compensation program, a tax-free monetary benefit paid to U.S. military veterans with disabilities that are the result of a disease or injury incurred or aggravated during active military service.

2. The Social Security Administration ("SSA") was an agency of the United States government that administered programs under the Social Security Act, Title 42, United States Code, Section 301, et seq. Title II of the Social Security Act provides for payment of disability benefits to disabled individuals who are "insured" under the Social Security Act by virtue of their contributions to the Social Security trust fund through the Social Security tax on their earnings, as well as to certain disabled dependents of insured individuals. These programs include Social Security Disability Insurance ("SSDI") and Child Auxiliary Benefits. To be awarded SSDI, an individual was required to work for a sufficient period of time and have paid social security taxes,



but they also must have had a medical condition that meets SSA's definition of a disability. An individual who was awarded SSDI benefits was also eligible for supplemental benefit payments from SSA on behalf of their children up to age 19.

3. Defendant, **MARVIN DEBOULET**, was a Trinidad and Tobago national, who became a United States Citizen on August 31, 2010.

4. **DEBOULET** served in the United States Army from May 5, 2010, to November 18, 2011, when he was discharged under conditions "Other Than Honorable."

### The Scheme To Defraud

5. Beginning in or about October 2014 and continuing through in or about December 2018, in the District of Maryland and elsewhere, the defendant,

### MARVIN DEBOULET

knowingly and willfully devised a scheme and artifice to defraud the Social Security Administration (or "SSA") to obtain money from the SSA by means of material false pretenses, representations, and promises and for the purpose of executing and attempting to execute the scheme to defraud, did knowingly and willfully transmit and cause to be transmitted by means of wire communications, in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343 (the "scheme to defraud").

### The Object of the Scheme to Defraud

6. It was the object of the scheme to defraud for **DEBOULET** to personally enrich himself by fraudulently obtaining and attempting to obtain SSA funds for his own personal use and benefit, and for the personal benefit and use of his associates.

## Manner and Means of the Scheme to Defraud

It was part of the scheme to defraud that:

7. On or about October 20, 2014, **DEBOULET** filed or caused to be filed an application for SSA disability insurance benefits that falsely indicated that he had served in the United States Military from 1994 to 2005.

8. In or about 2014, **DEBOULET** appeared in West Virginia at the Martinsburg Veterans Affairs Medical Center ("VAMC") and made materially false statements to his medical provider that he had suffered disabling combat injuries during overseas combat while serving in the United States Marine Corps.

9. As a result of **DEBOULET's** materially false statements to the Martinsburg VAMC, the SSA approved **DEBOULET's** false disability claims.

10. As a result of the scheme, **DEBOULET** fraudulently obtained $64,424.37 in illegitimate benefits from VA to which he was not entitled.

11. On or about October 20, 2014, **DEBOULET** applied to SSA for disability benefits and made materially false statements that he was disabled as of November 18, 2011, due to a traumatic brain injury, post-traumatic stress disorder (PTSD), and a fused vertebrae in his entire spine.

12. In said application, **DEBOULET** made an additional materially false statement stating that he served in the United States Military from February 1994 to November 2005.

13. As a result of the scheme, **DEBOULET** fraudulently obtained a total of $78,703.90 in illegitimate benefits funds from SSA to which he was not entitled.

14.     As a result of the scheme, **DEBOULET**, received a total of $143,128.27 in benefit funds to which he was not entitled.

## THE CHARGE

On or about the date set forth below, in the District of Maryland, the Defendant

**MARVIN DEBOULET,**

for the purpose of executing and attempting a scheme to defraud, did knowingly transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signals, signs and sounds, as set forth below:

| Count | Date | Description of Wire | Interstate Wire Communication Details |
|---|---|---|---|
| 1 | August 31, 2018 | Payment via direct deposit from Social Security Administration to Defendant's checking account at Comerica Bank, PO Box 75000, Detroit, MI 48275 for $661.00. | From Maryland to a location outside Maryland |

18 U.S.C. § 1343

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further alleges that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Count One of this Information.

### Wire Fraud Forfeiture

2. Upon conviction of the offense alleged in Count One of this Information, the Defendant,

**MARVIN DEBOULET,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, including, but not limited to: a forfeiture money judgment in the amount of proceeds the defendant obtained as a result of Count One.

### Substitute Assets

3. If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Kelly O. Hayes*  KERTISHA DIXON (Affiliate) — Digitally signed by KERTISHA DIXON (Affiliate) Date: 2025.04.02 10:50:52 -04'00'

Kelly O. Hayes
United States Attorney

Date: 4/2/2025