**ATTACHMENT A**

**STIPULATION OF FACTS**

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Marvin Deboulet (hereinafter Deboulet) is a 51-year-old male, born in Trinidad and Tobago. Deboulet now resides in Maryland. Deboulet enlisted in the U.S. Army in February 2010 and officially entered on duty with the U.S. Army, for basic training, on May 5, 2010. In June 2010, Deboulet applied for U.S. citizenship and he became a naturalized U.S. citizen two months later, on August 31, 2010. However, Deboulet went absent, without official leave of duty (AWOL), from military service on or about December 2, 2010.

On June 6, 2011, Deboulet was charged in a summary court martial with a period of desertion ending on or about March 22, 2011. Deboulet pled guilty to that charge in a summary court martial on August 4, 2011, and he was formally discharged from the U.S. Army "under conditions other than honorable" on November 18, 2011. Prior to and after 2010, Deboulet never served in any branch of the U.S. military.

In June 2012, Deboulet sought care from a United States Department of Veterans Affairs (VA) medical center located in Loma Linda, California. In his application for treatment, Deboulet indicated that he was discharged honorably and checked a box that he was a purple heart recipient. In documents submitted to the VA, Deboulet falsely claimed he suffered combat-related mental and physical injuries during military service from 2003 and 2005. Deboulet also falsely stated that he was the sole survivor of a Humvee bombing in Kosovo. As a result of Deboulet's misrepresentations, the VA provided Deboulet with medical care, and associated costs, to which he was not otherwise entitled.

From on or about October 2014 to on or about December 2018, in the District of Maryland and elsewhere, Deboulet, knowingly and intentionally devised a scheme and artifice to defraud the Social Security Administration (or "SSA") and to obtain money and property from SSA by means of material false pretenses, representations, and promises.

In October 2014, in Hagerstown, Maryland, Deboulet sought SSA benefits. Some information provided during that process was false—specifically, that Deboulet served in the U.S. Marine Corps from February 26, 1994, until November 23, 2005. Relying on information provided, including from a VA medical facility where Deboulet said he had a claim pending, SSA determined he was disabled under SSA rules as of June 2012 and awarded Deboulet and his son benefits.

In total, Deboulet received $143,128.27 in benefit funds he was not entitled to.

Specifically, between May 2014 and July 2018, Deboulet received $64,424.37 in illegitimate benefit funds from the VA, as a result of the fraudulent scheme.

From January 2015 to December 2018, Deboulet received $78,703.90, in illegitimate benefit funds from SSA as a result of the fraudulent scheme.

Through the execution of his scheme, Deboulet caused the SSA to initiate bank deposits which effected interstate wires. Moreover, throughout the scheme, SSA had servers located in Woodlawn, Maryland, which were used to transmit wire payments to Deboulet's bank account in Detroit, Michigan.

All the above-described events took place in the District of Maryland and elsewhere.

SO STIPULATED:

_____
Kertisha Dixon
Special Assistant United States Attorney

3/25/25
_____
Date

_____
Marvin Deboulet
Defendant

3/25/25
_____
Date

_____
Jonathan Hettleman, Esq. and/or Maggie Grace, Esq.
Attorney for the Defendant